THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a corporation | ) ) ) | Case No. 2:17CV100 DS |
| Plaintiff, | ) ) | MEMORANDUM DECISION |
| vs. | ) | |
| CRACAR CONSTRUCTION COMPANY et al., | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff Travelers Casualty and Surety Company of America ("Travelers"), by and through counsel of record, moves the Court for summary judgment on its claims of Breach of Indemnity Agreement and Specific Performance against all Defendants. This motion is filed pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule DUCivR 56-1. Travelers is seeking summary judgment on its First and Third Claims for Relief: Breach of Indemnity and Specific Performance. If granted, Travelers will voluntarily dismiss, without prejudice, the remaining claims, effectively resolving the case.

Defendants are all indemnitors under a General Agreement of Indemnity ("GAI") in favor of Travelers, a surety on various bonds furnished on behalf of CraCar Construction Company ("CraCar"). On its claim for Breach of the Indemnity Agreement, Travelers seeks an order granting Travelers a money judgment in the amount of $1,299,559.28 for indemnification of Travelers' losses under construction-related bonds that Travelers issued on behalf of CraCar, and an additional amount of $26,809.00 for unpaid bond premiums. On its claim for Specific

Performance, Travelers seeks an order requiring Defendants, pursuant to Section 5 of the GAI, to deposit with Travelers $999,467.30, to be held as collateral under the terms of the GAI to secure Travelers against further anticipated losses under the bonds.

## BACKGROUND

In 2010, each of the Defendants entered into the GAI as partial consideration for Travelers' issuance of various contractor performance and payment bonds ("Bonds") in connection with various construction projects ("Projects") on which CraCar was or would be the general contractor, and for which CraCar was required to provide Bonds. Under the terms of the Bonds and governing statutes, Travelers is secondarily liable as the surety for CraCar's performance of contract work and its payments to Project suppliers and subcontractors.

As a condition to issuing the Bonds, Travelers required that Defendants sign and furnish the GAI, whereby they each promised, among other things, (1) to indemnify Travelers for its losses due to claims made against the Bonds, (2) to pay premiums as they became due, and (3) as and if requested by Travelers, to post sufficient collateral to protect Travelers against any anticipated losses. Under the GAI, Defendants further agreed that these obligations were joint and several, and that a statement of loss from a Travelers' employee would constitute prima facie evidence of the existence and amount of Travelers' losses. Travelers issued the Bonds in reliance upon Defendants' promises and obligations under the GAI.

Subsequently, several claimants have made claims against the Bonds, alleging either (1) that CraCar failed to faithfully perform and complete the Bonded Project work pursuant to the applicable construction contract; or (2) that CraCar failed to pay its subcontractors and suppliers for material, labor, and/or equipment provided on the Bonded Projects. As of February 12, 2018,

Travelers has incurred $1,299,559.28 in investigating, defending, and resolving many of the Bond claims. Additionally, Travelers is exposed to potential liability and losses of $999,467.30 based on unresolved and pending Bond claims ($439,387.96) and anticipated losses to complete projects on which CraCar's defaulted ($560,079.34).

Travelers is requesting that Defendants fully indemnify it for all losses and unpaid premiums and post sufficient collateral to protect Travelers against further anticipated Bond losses, as required by the express terms of the GAI. Travelers alleges each of the Defendants has failed to honor these joint and several obligations.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[1]  E.g., *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In determining whether summary judgment is appropriate, the court views all relevant facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the evidence "is free from doubt so that all reasonable [persons] would come to the same conclusion" *Schnuphase v. Storehouse Markets,* 918 P.2d 476, 477 (Utah 1996).

---

[1] Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ANALYSIS

**A. Breach of Contract**

Travelers argues it is entitled to summary judgment against each of the defendants on its breach of contract claim. In a diversity case such as is before the Court, a federal court applies the substantive law of the forum state, in this case, Utah. *See Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 850 (10th Cir. 2015). Utah law contemplates that contracts are enforced by their plain terms and that "contracts mean what they say, and parties will be bound by them." *Russ v. Woodside Homes, Inc.*, 905 P.2d 901, 906 n. 1 (Utah App. 1995). Courts should "consider each contract provision in relation to all of the others, with a view toward giving effect to all and ignoring none." *Café Rio, Inc. v. Larkin-Gifford-Overton, LLC*, 2009 UT 27, ¶ 25, 207 P.3d 1235, 1240 (internal quotations and ellipses omitted).

Under Utah law, "[t]he elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages." *Am. W. Bank Members, L.C. v. State*, 2014 UT 49, ¶ 15, 342 P.3d 224, 230-31 (quoting *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388). In the GAI at issue, as to the first element, all parties signed and had the contract notarized, wherein they agreed to perform certain obligations as partial consideration for Travelers issuing the Bonds. *See* Exh. 1, Holzer Decl,, ¶ 9. In reliance on the GAI, Travelers issued the Bonds requested by CraCar. Second, Travelers claims it has and will continue to face significant secondary liability, losses, and expenses based on CraCar's failure to perform its obligations under the construction contracts and complete its projects and/or pay its subcontractors and suppliers on those projects. *See id.* ¶¶ 15, 16-20, 43-47, 49-53.

4

As to the third element, Defendants have failed to perform their obligations under the GAI - including failure to reimburse Travelers for Losses incurred as a result of issuing the Bonds, pay Bond premiums, and post sufficient collateral with Travelers to protect it against further anticipated Bond losses. *See id.* ¶¶ 58-61. Finally, (4) Travelers has shown that they have incurred significant losses in investigating, defending, resolving and paying many of the Bond claims. Further, Travelers continues to be exposed to anticipated Losses in investigating, defending, and resolving many more pending and unresolved bond claims and lawsuits. These damages have been established by an itemized, sworn statement by Travelers' claim counsel which includes details of such payments and any pending and unresolved Bond Claims.

Courts have upheld general indemnity agreements in favor of sureties. In one such case this court upheld a similar indemnity provision reasoning that the indemnitor-defendants "are bound by the terms of the Indemnity Agreement, and as such are required to indemnify [surety] for its losses and expenses in the amount provided by [surety]." *Insurance Co. of West v. Eagle Mountain Investments, LLC*, No. 2:11-CV-00976-DN, 2013 WL 3873227, *2 (D. Utah July 25, 2013) (Nuffer, J.). The Court in *Insurance Co.* then granted the surety's claims for breach of contract against all of the indemnitor-defendants. *Id.* at *3. *See also United Pac. Ins. Co. v. Knudsen Const., Inc.*, No. 2:97CV235TC, 2001 WL 693997, at *4 (D. Utah May 6, 2001) (Campbell, J.)("Under the plain language of the contract, it is apparent that failure to pay [surety] upon demand would constitute breach.")

More recently, this Court granted, and the Tenth Circuit affirmed, summary judgment to a surety based on a similar indemnity agreement. *See Developers Sur. & Indem. Co. v. Network Elec., Inc.*, No. 2:12-CV-289-TC, 2014 WL 3640748, at *5 (D. Utah July 23, 2014) (Campbell,

5

J.), *aff'd sub nom. Developers Sur. & Indem. Co. v. Barlow*, 628 F. App'x 980 (10th Cir. 2015). In *Developers Surety*, a construction company obtained bonding required to perform certain construction projects in Utah after the company and four individuals signed the surety's indemnity agreement. *See Developers Sur.*, 628 F. App'x at 982. Under the indemnity agreement, the company and individuals agreed jointly and severally to indemnify the surety from all Losses arising from the bonds. Two of the indemnitors, Mr. and Mrs. Barlow, sold their stock in the company and moved away from Utah. The Barlows, however, failed to notify the surety to terminate their obligations in connection with any future bonds issued on behalf of the company, as the indemnity agreement provided. The surety continued to issue bonds and subsequently faced $400,000 in claims on those bonds. The surety received reimbursement of only $75,000 from the company and sought the balance of losses from the Barlows.

This Court found that "[t]he Indemnity Agreement is an unambiguous contract that must be enforced according to its terms." *Developers Sur.*, 2014 WL 3640748, at *5 (citing *Café Rio, Inc. v. Larkin-Gifford-Overton, LLC*, 207 P.3d 1235, 1240 (Utah 2009)). The Court concluded, "the Indemnity Agreement is a valid, enforceable agreement and that [Surety] is entitled to summary judgment against the Indemnitors." *Developers Sur.*, 2014 WL 3640748, at *3.

On appeal, the Tenth Circuit affirmed. *Developers Sur.*, 628 F. App'x at 985. It announced that "[t]he Agreement is not ambiguous." *Id*. at 983. It further observed that the agreement did not require the surety to secure payment from alternate sources. *Id*. at 985. The Tenth Circuit thus affirmed this Court's ruling granting summary judgment against the Barlows. *Id*. *See also Com'l Ins. Co. of Newark v. Pacific-Peru Constr. Corp.*, 558 F.2d 948, 953 (9th Cir. 1977) ("[t]here can be no question but that a surety is entitled to stand upon the letter of his

6

contract, and his undertaking is to be construed strictly in his favor ..."); *NGM Ins. Co. v. Eagle Gen. Contracting, LLC*, No. 114CV01500LOIDD, 2015 WL 9839042, at *5 (E.D. Va. Sept. 1, 2015), *report and recommendation adopted as modified*, No. 1:14-CV-1500, 2016 WL 165705 (E.D. Va. Jan. 13, 2016) ("the surety's right to indemnity is determined by the language of the contract of indemnity.").

The GAI clearly states "An unitemized, sworn statement of an employee of Company, or other evidence of payment, shall be prima facie evidence of the propriety, amount and existence of Indemnitors' liability. Amounts due to Company shall be payable on demand." Exh. 1, ¶ 34 (citing GAI, ¶ 3). These clauses have been routinely upheld across the country and this court has recently upheld such a clause affirming that such clauses are satisfied by providing sworn, itemized statements that are part of the record. *See Ins. Co. of the W. v. Wallace Inv. Ltd. P'ship*, No. 2:11CV500DS, 2013 WL 6858306, (D. Utah Dec. 30, 2013) (Sam, J.).

This court agrees that there has been a breach of a valid, enforceable contract, wherein it was agreed that performance of obligations would come as partial consideration for Travelers issuing the Bonds, and that the Bonds were issued and Travelers has incurred and will continue to incur losses based on CraCar's failure to perform its obligations as outlined in the GAI. Further, Travelers' declaration containing a sworn statement by Bryce Holzer, Esq., as an employee and Claims Counsel responsible for handling the Bond claims and this litigation, is prima facie evidence of such Losses as detailed in the declaration. Travelers is therefore entitled to reimbursement of the full amount due and Travelers is entitled to summary judgment thereon as a matter of law.

**B. Specific Performance**

Travelers also seeks an order requiring that Defendants, pursuant to Section 5 of the GAI (the "Collateral Security" Clause), deposit with Travelers $999,467.30, to be held as collateral under the terms of the GAI to secure Travelers against further anticipated losses under the bonds. "A collateral security provision provides that once a surety . . . receives a demand on its bond, the indemnitor must provide the surety with funds which the surety is to hold in reserve." *Safeco Ins. Co. of Am. v. Schwab*, 739 F.2d 431, 433 (9th Cir. 1984). "If the claim on the bond must be paid, then the surety will pay the loss from the indemnitor's funds; otherwise, the surety must return the funds to the indemnitor." *Id.* "Sureties are ordinarily entitled to specific performance of collateral security clauses." *Id.* "If a creditor is to have the security position for which he bargained, the promise to maintain the security must be specifically enforced." *Id.* (quoting *Marine Midland Trust Co. v. Alleghany Corp.*, 28 F. Supp. 680, 683-84 (S.D.N.Y. 1939)).

Under Utah law, "[w]hen a party seeks an order of specific performance, the contract must clearly impose the duty sought to be enforced." *Tooele Associates Ltd. Partnership v. Tooele City*, 251 P.3d 835, 835–36 (Utah Ct. App. 2011). Specific performance is appropriate "if the parties' intent as to the essential terms of the agreement is clear." *Barnard v. Barnard*, 700 P.2d 1113, 1114 (Utah 1985). *See Terry v. Hinds*, 47 F. Supp. 3d 1265, 1277 (D. Utah 2014) (holding that a cease and desist order was appropriate, where the contract imposed a clear duty on Defendants to cease and desist).

In a similar case, the court granted Travelers' claim for indemnification of paid claims in addition to granting Travelers an order for specific performance of a similar collateral security clause for "additional pending claims." *Travelers Casualty and Surety Co. of America v.*

*Southwest Contracting, Inc.*, No. 4:05CV99-DJS, 2006 WL 276942 (E.D. Mo. Feb. 2, 2006). The court reasoned "[t]he amount of collateral security Travelers seeks is reasonable and not excessive, in view of the additional pending claims against the bond as to which Travelers' exposure has been demonstrated." *Id*. Accordingly, the court ordered the indemnitors to deposit collateral security pursuant to ¶ 6 of the GAI." *Id*.

In the present case, the collateral security clause (Section 5) of the GAI imposes upon Defendants the clear obligation to deposit with Travelers an amount sufficient to protect Travelers against "anticipated Loss." Exh. 1, Holzer Decl., ¶¶ 13, 28, (citing GAI, ¶5). The clause makes clear that the deposited amount is to "be used by [Travelers] to pay such claim or be held by [Travelers] as collateral security against any Loss.." *Id*. The clause further makes clear, and Defendants agreed, that should Defendants breach this provision, Travelers "would suffer irreparable damage and would not have an adequate remedy at law." *Id*.

Although Travelers' past Losses can be remedied with contract damages, this Court agrees that Travelers' additional and substantial anticipated Losses cannot. Travelers contracted for immediate protection from anticipated Losses through the collateral security provision as a consequence of Travelers issuing the Bonds. Thus, to require Travelers to pay pending claims and then seek additional indemnification from Defendants on those payments would unfairly shift back to Travelers the very burdens and risks that it contracted to eliminate.

On December 5, 2016, Travelers sent Defendants a "collateral demand letter" citing the collateral security provision in the GAI and demanding that Defendants deposit with Travelers collateral sufficient to protect it against anticipated claims. *Id*. ¶¶ 27, 29 (citing Collateral Demand Letter , Exh. I to Holzer Decl.). Defendants undisputedly failed to do so. *Id*. ¶ 30.

9

Although Bob and Lydia Carpenter deposited some collateral with Travelers, that deposit did not sufficiently cover the balance on Travelers' past Losses, or Travelers' continuing anticipated Losses under Open Claims. *Id.* Moreover, Defendants' obligation to fully protect Travelers from anticipated Losses is joint and several; it exists regardless of the other Defendants' actions or omissions. *Id.* ¶ 14 (citing GAI, ¶ 7).

As of February 12, 2018, Travelers has shown that it is exposed to potential liability of $999,467.30 based on unresolved Open Claims ($439,387.96 ) and anticipated Losses to complete the Defaulted Projects under performance Bonds ($560,079.34). *Id*. ¶ 47. Accordingly, the Court grants Travelers summary judgment on its claim for specific performance by ordering Defendants to deposit collateral security with Travelers, pursuant to section 5 of the GAI, for at least $999,467.30. This collateral security amount may be modified as additional anticipated Losses or credits become known.

## **CONCLUSION**

Based on the foregoing and the pleadings, the Court grants Travelers' motion and enters judgment against Defendants, jointly and severally, as a matter of law, on Travelers' First and Third claims — Breach of the GAI and Specific Performance of the collateral security clause — in the following amounts (as of February 12, 2018) : $1, 299,559.28 for indemnification for the balance of Losses incurred ; $26,809 in unpaid Bond premiums; and $999,467.30 as collateral security against anticipated Losses . The Court will review and allow for augmentation or modification of these amounts in the event Travelers incurs additional Losses, faces additional anticipated Losses, or additional credits become known.

There is also before the Court a motion to dismiss in its entirety the Counterclaim filed by Robert D. Carpenter and Lydia Carpenter, Dkt. #62, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Based on the pleadings and the reasoning therein, the Court finds that the Counterclaim filed by Robert D. Carpenter and Lydia Carpenter fails to state a claim upon which relief can be granted and the Counterclaim is dismissed with prejudice. This decision also reiterates Travelers' representation that it will voluntarily dismiss without prejudice its remaining claims in this case .

SO ORDERED.

DATED this 15th day of August, 2018.

BY THE COURT:

_____

DAVID SAM

SENIOR JUDGE

U.S. DISTRICT COURT